431 F.2d 486
 UNITED STATES of America, Plaintiff-Appellee,
v.
Freddie Clinton AYERS and Daniel Scott, Defendants-Appellants.
 No. 28654 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 September 23, 1970.
 
 Bryce U. Graham, Tuscumbia, Ala., N. P. Callahan, Jr., Birmingham, Ala., for defendants-appellants.
 Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Ayers and Scott were convicted after a jury trial of burglary of a United States Post Office in Waterloo, Alabama. Between them, they assign seven points of error on this appeal: (1) That the evidence was insufficient to sustain the jury verdict; (2) that a variation between the indictment and the proof at trial concerning the date of the crime violated their rights to due process of law; (3) that the evidence seized in a search of appellant Scott's person was inadmissible because the search was in violation of the fourth amendment; (4) that appellant Ayers was denied the right of cross-examination at the trial; (5) that the government's offer of a written statement of a witness, to which appellant's objections were sustained and references to which the jury was instructed to disregard, was a "plain error" and prejudicial to the appellants; (6) that old coins found in the appellant Scott's possession were inadmissible because not clearly identified; and (7) that the trial judge made a prejudicial remark to defense counsel in the presence of the jury and also admitted evidence prejudicial to appellants over their repeated objections.
 
 
 2
 We have carefully examined each of the appellants' contentions in the light of the record and have found with respect to the first point that the evidence clearly supports the jury verdict, and with respect to the remaining six, that they are without merit.
 
 
 3
 Accordingly, we affirm.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I